HAROLD HOPPE (5049)
Attorney at Law
737 Bishop Street, Suite 1640
Honolulu, Hawai'i 96813
Telephone: (808) 528-1903
Facsimile: (808) 531-6507
E-Mail:     Hoppea001@hawaii.rr.com

        And

O'CONNOR PLAYDON & GUBEN
A Limited Liability Law Partnership
JEFFRE W. JULIANO    4930-0
LAHELA H. F. HITE      9418-0
733 Bishop Street, Suite 2400
Honolulu Hawaii 96813
Telephone: (808) 524-8350
Facsimile: (808) 531-8628
E-Mail:     jwj@opglaw.com
            lhh@opglaw.com

Attorneys for Plaintiffs
DIANNA GECK and JEFFREY GECK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIANNA GECK and JEFFREY GECK, | CIVIL NO. _____ |
| Plaintiffs, | COMPLAINT; SUMMONS |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

**COME NOW**, Plaintiffs DIANNA GECK and JEFFREY GECK by and through their attorneys, Harold G. Hoppe and O'Connor Playdon & Guben, and make their complaint against the Defendant, UNITED STATES OF AMERICA, alleging and averring as follows:

## JURISDICTION

1.      This is an action arising under the Federal Tort Claims Act, 28 U.S.C. section 2671 et seq.  This Court is vested with jurisdiction pursuant to 28 U.S.C. Section 1346 (b).

2.      Plaintiff DIANNA GECK ("Ms. Geck") is a citizen and resident of the United States of America and resides in Honolulu, Hawaii, the same being within the territorial jurisdiction of this Court.

3.      Plaintiff JEFFREY GECK ("Mr. Geck") is the spouse of Ms. Geck and is also a citizen and resident of the United States of America and resides in Honolulu, Hawaii, the same being within the territorial jurisdiction of this Court.

4.      The acts and omissions complained of herein occurred within the territorial jurisdiction of the United States District Court for the District of Hawaii, more specifically at the Tripler Army Medical Center.

5.    Prior to the institution of this action, Plaintiffs by and through their undersigned counsel, submitted Federal Tort Claims as required by 28 U.S.C. section 2672 for injuries and damages caused by the negligent acts and omissions of the medical personnel employed and or supervised by the United States Army Medical Corps and or Tripler Army Medical Center.

6.    On March 12, 2014, the Department of the Army, Tripler Medical Center, Office of the Center Judge Advocate, Medical Claims office acknowledged said claims were received on March 7, 2014.

7.    As said agency of the United States government has not given Plaintiffs written denial of the administrative claims and it is now over six months since said claims were submitted, said claims may be deemed denied by operation of law; and now therefore, the jurisdiction of this Court in this matter is proper.

## FACTS

8.    Plaintiff Ms. Geck is a civilian and the wife of Plaintiff Mr. Geck who at the time was a Sergeant 1st Class in the U.S. Army. She was afforded health care under TRICARE PRIME (CHAMPUS).

9.    In December 2011, Ms. Geck was involved in a motor vehicle/pedestrian accident in which a vehicle backed up hitting her right arm. This caused expected pain and soreness for a period of time. In late February the pain worsened and Ms. Geck experienced a significant decrease in mobility. She

visited her primary care physician ("PCP"), who ordered an MRI (at Queens Medical Center) and a follow up visit with the Orthopedic Department.

10. Ms. Geck was referred to Tripler Army Medical Center for an orthopedic consultation. On March 13, 2012 Ms. Geck saw Kimberly Farnsworth, PA, at Tripler Army Medical Center who assessed her; not an Orthopedic surgeon. She did have in her possession the MRI and report which states:

Shows some notable subacromial inflammation with an incidental finding of a couple of cysts on the humeral head. She has no Hill-Sachs lesion, but does have some small tears in the infrapinatus and supraspinatus.

11. Ms. Farnsworth suggested that Ms. Geck receive a cortisone injection due to the discomfort she was experiencing, as well as follow up care with Physical Therapy.

12. Ms. Farnsworth prepared and administered the injections but did not state what specifically she was injecting, or the amount. Ms. Geck doesn't recall any interaction during the assessment or injections with any doctor. Ms. Geck did experience near immediate relief that increased over the next two days.

13. Approximately three weeks later Ms. Geck started experiencing unpleasant symptoms such as dry mouth (that turned into thrush), polyuria, and polydipsia.

14.     Approximately four weeks after the injection Ms. Geck had more significant symptoms that became very noticeable. The symptoms were very similar to Cushing's syndrome.

15.     On April 9, 2012, Ms. Geck visited the Emergency Department at Kapi'olani Medical Center. At that visit her BP was 170/palp. She also presented with a moon face, buffalo hump, Thrush, polyuria, polydipsia, irritability and unable to focus.

16.     The next day Ms. Geck was seen by her PCP for more tests, including 24 hour urine and continued Cortisol levels. At that visit her PCP was completely baffled as Ms. Geck presented with symptoms of Cushing's, yet she felt she was not on any steroids, much less long term steroids which she felt would cause such symptoms. Ms. Geck again mentioned to her PCP that the only steroid she had ever had was the cortisone shot Ms. Farnsworth administered the month before.

17.     At that time her PCP pulled the report from Ms. Farnsworth and upon reading the report stated, "oh my!" A review of Ms. Farnsworth notes and report of March 13, 2012 reveals that the format of the report is not appropriate as the standard component of dosage is not indicated. In fact, the report states:

> After the patient agreed a 3:3, as well as a 5:4 of Lidocaine and Kenalog was drawn and prepped with 21-guage needle.

18.     The evidence indicates that Ms. Geck was given an overdose in the form of 7ml (280mg) of Kenalog.

19.     On April 12, 2012, Ms. Geck contacted Ms. Farnsworth for clarification of her note. Ms. Farnsworth stated "If you remember you received 2 injections. One in your Subacromial of 3cc of 1% Lidocain and 3cc of Kenalog." Ms. Geck asked her what the dosage of Kenalog she administered and Ms. Farnsworth stated, "40mg per cc."     Ms. Geck then clarified with Ms. Farnsworth that she had received 120mg of Kenalog and Ms. Farnsworth confirmed stating "Yes, in the first injection. I then gave you 5cc of 1% Lidocain to 4cc of Kenalog." Ms. Geck again clarified that that was an additional 160mg for a total of 280mg of Kenalog, to which Ms. Farnsworth agreed.

20.     The appropriate dosage should have been 40mg instead of the 280mg (7x the recommended dose) Ms. Geck received. Additionally this is a bolus of 15cc of fluid. Although this area can generally withstand copious amounts, this is extreme.

21.     Sometime in June 2012, Ms. Geck met with who she understood to be Tripler's Chief of Orthopedics and Tripler counsel, Kathy Morphis, Esq. They did express their apologies for the incident. They stated Ms Farnsworth had been spoken with. They would not confirm if they were checking other records or changing their current practice.

22.     On June 22, 2012, Ms. Geck woke up not feeling very well. While at a seminar later that day at the University of Hawai'i she became very ill. She was unable to stand and felt like she was going to lose consciousness. Her vital signs were taken at that time and showed she was severely hypertensive with a bp of greater than 200. Ms. Geck also experienced tachycardia with a rate in the mid 180's. She was experiencing convulsive like muscle twitching and wasn't able to focus or concentrate. Ms. Geck could not remember the names of people she clearly knew. She was then taken by ambulance to Straub hospital ED.

23.     At that visit they could find no etiology for her signs and symptoms. Labs were drawn and all came back within normal limits. However, the Cortisol levels took 2 days to return so she did not have the results until later.

24.     Three days later, on June 25, 2013, Ms. Geck was again seen by her PCP for discussion of follow up on her labs. At that time her BP was 158/95. She also learned at that time that her cortisol levels had been 0.06 (Normal level is 8.7 – 22.4). Her PCP noted diagnosis of Adrenal cortical steroids causing adverse effects in therapeutic use and fatigue due to suppressed Adrenocortical axis. She consulted with an endocrinologist and both agreed that Ms. Geck's symptoms were due to:

> Suppression of pts own AC axis that she is weak and fatigued –
> this is borne out by LOW CORTISOL LEVELS. It is not
> Cushing's syndrome. She does have Cushingoid features due to

excess Steroids given via Kenalog – 4 injections at one time were given.

25.    On July 9, 2013, Ms. Geck once more presented herself at her PCP's office.  Again, her Cortisol levels were low at 6.4.  At this visit, Ms. Geck expressed concern over her observations of a depressed area on her right breast.  The endocrinologist confirmed that a common side effect of Kenalog is tissue atrophy.   This is certainly true with a massive overdose provided by Ms. Farnsworth.

26.    Presently, the symptoms she experienced over 4-6 months (e.g. moon face, buffalo hump, Thrush, polyuria, polydipsia, irritability and inability to focus) have appeared to resolve.  The one glaring exception being, the tissue atrophy to her right breast which will need reconstructive surgery.   Ms. Geck's Plastic Surgeon in Honolulu, confirms the only recourse for repair of this tissue damage is surgery.

## COUNT I.    **MEDICAL NEGLIGENCE**

27.    Plaintiffs restate and reallege paragraphs 1 through 26 above as if stated at length and incorporate them by reference into this count of the complaint.

28.    The Defendant was negligent in the treatment and care of Ms. Geck.

29.     The Defendant was negligent in that the treatment provided to Ms. Geck was below the standard of care required of the medical profession and therefore negligent.

30.     The Defendant was negligent in the hiring, training, and or supervision of Ms. Farnsworth.

31.     The Defendant was otherwise negligent causing said injuries and damages to the Plaintiff.

32.     As direct and proximate cause of Defendant's negligence, Ms. Geck has incurred pain and suffering, permanently disfigurement, permanent disability, and medical and hospital expenses, and will continue in the future to suffer pain, disfigurement, further bodily injuries, and medical and hospital expenses and loss in the ability to fully enjoy life and other general and special damages all in an amount which shall be demonstrated at the trial of this matter..

## COUNT II.     NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF INCOME

33.     Plaintiffs restate and reallege paragraphs 1 through 32 above as if stated at length and incorporate them by reference into this count of the complaint.

34.     Unfortunately, the physical injuries were not the only maladies Ms. Geck sustained. It is well recognized that steroid usage can and does manifest itself in the form of enhanced emotional instability. Prior to this event, Mr. Geck

had an excellent work history with the Kapiolani Health system.  As such she discussed with her Chief Nursing Executive her future with the company and being promoted to a position of greater responsibility.  Ms. Geck affirmed her desire with her employer to be considered for the position of Director of Emergency Services and Critical Care.

35.    However, she uncharacteristically withdrew her interest for consideration due to the emotional instability and the adverse physical symptoms she was experiencing as a result of this steroid overdose all of which led to a fear that she could not compose herself enough for the extensive selection process.  The position was ultimately filled with a candidate from a sister facility and with less management experience as compared to Mrs. Geck.  This new position would have provided her with a higher annual salary.  As a result of Ms. Farnsworth's negligence, Ms. Geck has lost this additional income.

36.    As direct and proximate cause of Defendant's negligence, Ms. Geck has incurred emotional pain and suffering, mental anguish, and loss of earning capacity and will continue in the future to suffer emotional pain and suffering, mental anguish, embarrassment, loss of earning capacity, and loss in the ability to fully enjoy life and other general and special damages all in an amount which shall be demonstrated at the trial of this matter.

**COUNT III.**       **RESPONDEAT SUPERIOR**

37.   Plaintiffs restate and reallege paragraphs 1 through 36 above as if stated at length and incorporate them by reference into this count of the complaint.

38.   At all times Ms. Farnsworth was an employee, independent contractor and or agent of Defendant working under the direct guidance and supervision of Defendant.

39.   The severe physical and emotional injuries and resulting damages which Ms. Geck suffered and continues to suffer as described above was proximately caused by the negligence of Defendant acting through Ms. Farnsworth and or other agents, servants and employees at Tripler Army Medical Center for which Defendant is liable under the doctrine of *Respondeat Superior*.

**COUNT IV.**       **LOSS OF CONSORTIUM; EMOTIONAL DISTRESS**

40.   Plaintiffs restate and reallege paragraphs 1 through 39 above as if stated at length and incorporate them by reference into this count of the complaint.

41.   Due to the injuries suffered by Ms. Geck, Mr. Geck has suffered, and/or shall suffer, the following damages:

A)    Loss of company, companionship, love and services concomitant with a normal marital relationship, and therefore has suffered damages in an amount to be shown at trial

B)    Severe emotional distress and mental suffering as the result of having to witness the injury suffered by his Wife, Dianna.

## PRAYER

WHERERFORE, Plaintiffs pray for relief as follows:

1.    For general and special damages for each Plaintiff in an amount to be demonstrated at Trial;

2.    For pre-judgment interest, costs, expert witness fees, and attorney fees;

3.    Such other and further relief as the Court may deem appropriate.

DATED: Honolulu, Hawaii, September __2 2__, 2014.


/s/ HAROLD H. HOPPE
HAROLD H. HOPPE
JEFFRE W. JULIANO
LAHELA H. F. HITE
Attorneys for Plaintiff
DIANNA GECK
and JEFFREY GECK